UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                         Plaintiff,

-against-

SORATE SOHO CORP.
and KRP CORPORATION,

                         Defendants
------------------------------------------------------------x

Caso No.  1:25-cv-6600

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Sorate Soho Corp. and KRP Corporation (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, attorney's fees, costs, and expenses, to remedy violations of Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.) and its implementing regulations, the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107. Defendants own, lease, operate, and control a place of public accommodation that fails to comply with these laws and are vicariously liable for the actions and omissions of their agents and employees described herein.

2. Defendants have chosen to disregard clear legal mandates requiring accessibility for individuals with disabilities, prioritizing financial convenience over compliance. This deliberate disregard communicates that customers with disabilities are less valued and unwelcome. Plaintiff brings this action to hold defendants accountable and to secure full accessibility at the premises, ensuring that individuals with disabilities have the same opportunity to enjoy the establishment as other members of the public.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because the claims involve federal questions concerning the deprivation of rights secured by the ADA. Supplemental jurisdiction over the state and city law claims exists under 28 U.S.C. § 1367(a) as those claims arise from the same facts and circumstances as the federal claims.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory conduct alleged in this action occurred within this District, and the public accommodation at issue is located here.

**PARTIES**

5. At all relevant times, plaintiff has resided in New York County, New York.

6. Plaintiff has been confined to a wheelchair since suffering a severe spinal injury from a gunshot wound at the age of thirteen. This injury has caused permanent medical conditions that substantially limit his ability to walk and restrict his range of motion.

7. Defendants operate and/or lease the property located at or around 103 Sullivan Street, New York, NY 10012 (the "Premises"). Each defendant is licensed to do business in New York State and, at all relevant times, has operated a place of public accommodation at the Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Each defendant qualifies as a public accommodation under the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104), the New York State Executive Law (§ 292(9)), and the Administrative Code of the City of New York (§ 8-102(9)) because they own, lease, lease to, operate, or control the Premises. The Premises itself is a public accommodation within the meaning of these laws, as it is a privately operated facility whose operations affect commerce.

9. The Premises contains multiple architectural barriers that restrict or prevent access for plaintiff, a person with a disability. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993. At various times after January 1992, defendants made alterations to the Premises, including areas adjacent to or attached to it.

10. Plaintiff is a New York City resident who regularly travels throughout the city, including to the neighborhood where the Premises is located. Despite being paralyzed from the waist down, plaintiff drives a vehicle equipped with hand controls and independently navigates the city. He visits this neighborhood for activities such as dining, shopping, spending time with family and friends, and other everyday purposes.

11. On or about July 24, 2025, plaintiff attempted to visit the Premises, which offers a distinctive Japanese tea house experience. He specifically wished to try the green tea and matcha. However, barriers at the Premises blocked his entry and remain in place today. Plaintiff encountered a significant step at the main entrance with no way to contact staff inside for assistance. This incident left him feeling embarrassed and discriminated against.

12. Plaintiff intends to return once the barriers are removed. The Premises is less than an hour from his residence. However, as it stands, the services, features, elements, and spaces at the Premises do not comply with the Americans with Disabilities Act Accessibility Guidelines, the 1991 Standards for Accessible Design, or the 2010 Standards for Accessible Design.

13. Because of defendants' failure to meet these requirements and the related provisions of the Administrative Code, plaintiff has been denied safe, equal, and complete access to the Premises. The facility has not been designed, constructed, or altered in

compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the New York City Building Code, or the 2014 New York City Construction Code.

14. Among the barriers encountered or deterring plaintiff from patronizing the Premises are the following:

15. The main entrance is inaccessible, lacking an accessible route, means of egress, and required ramp, with existing steps creating a physical barrier. Interior dining tables do not provide the required minimum knee and toe clearance, and the minimum percentage of accessible seating is not met. The bar exceeds maximum height limits, lacks the required accessible portion, and fails to provide proper knee and toe clearance. The service counter also exceeds height limits, lacking the required accessible portion and adjacent clear floor space.

16. This list is not exhaustive, and plaintiff believes a full inspection will reveal additional barriers. To ensure a complete remedy and avoid piecemeal litigation, plaintiff seeks a full inspection of the Premises and intends to amend this complaint to include any additional violations found.

17. Defendants have denied plaintiff the opportunity to participate in or benefit from their services because of his disability. They have not adopted policies, practices, or procedures that comply with applicable disability rights laws and have not provided reasonable accommodations or modifications. The continuing existence of these barriers presents an ongoing and credible threat of future discrimination.

18. Plaintiff frequently visits the area and plans to patronize the Premises multiple times once it becomes accessible, anticipating the unique experience it offers.

## FIRST CAUSE OF ACTION

## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

19. Plaintiff repeats and incorporates all prior allegations as though fully set forth here.

20. Plaintiff is substantially limited in the major life activities of walking and range of motion and therefore has a disability under the ADA. As a direct result of this disability, he uses a wheelchair for mobility and experiences restricted movement.

21. Under the ADA, both a property owner and a lessee of a public accommodation are jointly and severally liable, and neither can shift this obligation to the other by contract. Defendants have denied plaintiff the full and equal use of their public accommodation because of his disability, and their policies and practices have had a disparate impact on him.

22. By failing to comply with accessibility laws, defendants have sent a clear message to individuals with disabilities, including plaintiff, that they are unwelcome and undesirable as patrons.

23. Defendants designed, constructed, and/or altered a facility that is not readily accessible to and usable by plaintiff, in violation of 28 C.F.R. § 36.401(a)(1) and 42 U.S.C. § 12183(a)(1). The Premises fails to provide an integrated, equal setting for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

24. When making alterations to the Premises, defendants failed to ensure accessibility to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406, and failed to make accessible the paths of travel to the altered primary function areas, in violation of 28 C.F.R. § 36.403. Section 36.406(5) further requires that noncomplying facilities and elements be brought into compliance with the 2010 Standards, which defendants did not do.

25. Defendants have also failed to remove barriers where it is readily achievable,

in violation of 28 C.F.R. § 36.304, and have not provided reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305. These failures amount to a continuing pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

26. Defendants' maintenance and creation of an inaccessible public accommodation constitute ongoing discrimination against plaintiff under the ADA.

<b><u>SECOND CAUSE OF ACTION</u></b>

<b>(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)</b>

27. Plaintiff repeats and incorporates all prior allegations as though fully stated here.

28. Plaintiff has medical conditions that individually and collectively substantially limit his ability to walk and his range of motion, qualifying as a disability under Executive Law § 296(21).

29. Defendants have subjected plaintiff to disparate treatment by denying him equal opportunity to use their public accommodation because of his disability. They have maintained and/or created an inaccessible public accommodation in violation of Executive Law § 296(2) and have aided and abetted each other in committing disability discrimination.

30. Defendants have failed to remove barriers to access where readily achievable, in violation of Executive Law § 296(2)(c)(iii), and have not provided reasonable alternatives to barrier removal as required by § 296(2)(c)(iv). Making the Premises fully accessible would be readily achievable and would not impose an undue hardship or burden on defendants.

31. As a direct and proximate result of this unlawful discrimination, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety, as well as other damages to be determined at trial.

**THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

32. Plaintiff repeats and incorporates all prior allegations as though fully set forth here.

33. Plaintiff has medical conditions that substantially impair his bodily functions, including the major life activities of walking and range of motion, and therefore has a disability as defined by Administrative Code § 8-102(16).

34. The Local Civil Rights Restoration Act of 2005 (Local Law 85) clarified that the provisions of the Administrative Code must be interpreted liberally to achieve their broad and remedial purposes, regardless of whether federal or state civil rights laws have been interpreted the same way. Restoration Act § 7, amending Administrative Code § 8-130.

35. Defendants have subjected plaintiff to both disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their public accommodation because of his disability, in violation of Administrative Code § 8-107(4). They have also aided and abetted each other in committing disability discrimination.

36. Defendants have designed, created, and/or maintained an inaccessible commercial space, and by failing to remove accessibility barriers, have violated the Administrative Code, § 8-107(4), as well as Local Law 58.

37. As a result of defendants' conduct, plaintiff has experienced and continues to experience humiliation, stress, and embarrassment. Upon information and belief, defendants' refusal to make the Premises accessible has been deliberate, egregious, and undertaken with reckless disregard for plaintiff's rights.

38. Defendants' conduct was willful, wanton, or reckless, entitling plaintiff to punitive damages under Administrative Code § 8-502. By operating a noncompliant space and

7

avoiding the costs of accessibility modifications, defendants have profited from their discriminatory conduct. These unlawful profits, plus interest, must be disgorged.

39. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

40. Plaintiff repeats and incorporates all prior allegations as though fully set forth here.

41. Defendants have discriminated against plaintiff in violation of the New York State Executive Law. As a result, plaintiff is entitled to recover the monetary penalties provided under Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

42. Plaintiff will continue to face unlawful discrimination unless defendants are required to comply with applicable accessibility laws. An order directing defendants to modify the Premises, as well as their operations, policies, practices, and procedures, is necessary to eliminate these violations.

43. Injunctive relief is needed to make the Premises readily accessible to and usable by plaintiff in accordance with federal, state, and city laws. Such relief should also require defendants to provide auxiliary aids and services, adjust their policies, and implement alternative methods where appropriate to ensure compliance with the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

44. Plaintiff seeks a declaratory judgment addressing each accessibility violation committed by defendants, specifying the required modifications to the Premises, facilities, goods, and services, and to defendants' policies, practices, and procedures, so that they comply with applicable law.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

45. To enforce his rights, plaintiff has retained legal counsel and is entitled to recover reasonable attorney's fees, expenses, and costs under the ADA and the Administrative Code, including 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the

Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: August 11, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com